UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VUONG NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,<br><br>Respondent. | No. 1:26-cv-00015-DAD-SCR<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 10) |

Petitioner Vuong Nguyen is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 10.) Specifically, the assigned magistrate judge found that respondent had failed to comply with federal regulations regarding revocation of release and had failed to show changed circumstances indicating a significant likelihood of petitioner's imminent removal. (*Id.* at 5–7.) The assigned magistrate judge also found that petitioner's continued detention violated due process pursuant to the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because petitioner has been detained for a cumulative period of ten months. (*Id.* at 8–10.) The

1

pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 11.)  On February 9, 2026, respondent filed her objections to the pending findings and recommendations.  (Doc. No. 11.)

Respondent raises several arguments in the objections, all of which are without merit.[1] First, respondent argues that a finding of failure to comply with 8 C.F.R. § 241.13(i)(3) is an insufficient basis upon which to grant habeas relief because any such error is rendered harmless by subsequent habeas proceedings in which the requisite process is provided.  (*Id.* at 1.)  The undersigned has previously rejected this argument, noting that "it is questionable whether [harmless error review] applies to ICE's failure to afford basic notice and opportunity to be heard protections codified by the regulations."  *Saephanh v. Andrews*, No. 1:25-cv-01668-DAD-SCR, 2025 WL 3467791, at *2 (E.D. Cal. Dec. 3, 2025) (citing *Soryadvongsa v. Noem*, No. 25-cv-02663-AGS-DDL, 2025 WL 3126821, at *3 (S.D. Cal. Nov. 8, 2025)).  Respondent's only cited authority in support of the proposition that harmless error review applies in this context "represents a hyper-minority. . . .  [T]he majority of courts throughout the country [] find that ICE'S regulations—8 C.F.R. §§ 241.4, 241.13—mandate important procedural safeguards against wrongful detention."  *Romero v. Ladwig*, No. 25-cv-01106-JWD-EWD, 2026 WL 321437, at *11 (M.D. La. Feb. 6, 2026) (discussing *Nguyen v. Noem*, 797 F. Supp. 3d 651 (N.D. Tex. 2025)).  Accordingly, the court rejects this argument.

Second, respondent argues that the magistrate judge's conclusion that the government is required to make a showing that petitioner's removal is likely in the foreseeable future before revoking release was erroneous.  (Doc. No. 11 at 2.)  The magistrate judge's conclusion in this regard was well-supported by in-circuit authority.  (Doc. No. 10 at 7.)  Respondent's only purportedly contrary authority is a misrepresented quote from the district court for the Middle

---

[1] Respondent's counsel is reminded that this court has faced a deluge of habeas petitions which are entirely in response to respondents' repeated disregard for the requirements of due process in detaining noncitizens.  Though some of counsel's arguments reflect a split in authority, other arguments rely on misrepresenting the relevant cited authority, as discussed in this order.  The court admonishes counsel for respondent that it will not look favorably on future unfounded, unsupported objections.

District of Florida, where the court noted, contrary to respondent's argument, that "[i]f the government can *establish* a significant likelihood of removal in the reasonably foreseeable future, detention is lawful." *Beltran v. Ripa*, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2–3 (M.D. Fla. Jan. 5, 2026); (*see also* Doc. No. 11 at 2.) Accordingly, the court rejects respondent's argument.

Third, respondent argue that the magistrate judge erred in concluding that there was no evidence before the court that petitioner may now be detained pursuant to 8 U.S.C. § 1231(a)(6). (Doc. No. 11 at 2.) That statute provides for the detention of an "alien ordered removed who is inadmissible under [§] 1182 of this title, removable under [§§] 1227(a)(1)(c), 1227(a)(2), or 1227(a)4) of this title[,] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal[.]" 8 U.S.C. § 1231(a)(6). Respondent argue that they have provided evidence that petitioner is a flight risk or a danger to the community because petitioner was previously ordered removed twenty-two years ago and was detained by immigration officials on October 1, 2025, without notice or a hearing. (Doc. No. 11 at 2.) These assertions are clearly not evidence that there has been a change in circumstances which renders petitioner a danger to the community or flight risk, as the magistrate judge correctly found was required. (Doc. No. 10 at 8.) Accordingly, the court rejects respondent's argument in this regard as frivolous.

Fourth, respondent argues that the presumptively reasonable detention period of six months set by *Zadvydas* is reset whenever a petitioner is released. (Doc. No. 11 at 2.) "Several courts have held that the six-month period does not reset when the government detains an alien under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018); *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 722 (W.D. Wash. 2025) (collecting cases) (quoting *Chen v. Holder*, No. 6:14-cv-02530-PJH, 2015 WL 13236635, at *2 (W.D. La. Nov. 20, 2015) ("Surely, under the reasoning of *Zadvydas*, a series of releases and re-detentions by the government . . . in essence results in an indefinite period of detention, albeit executed in successive six month intervals.")). The court adopts the reasoning of these courts and rejects respondent's citation to

3

out-of-circuit authority in support of her contention as unpersuasive.  (Doc. No. 11 at 2.)

Fifth, respondent argues that the deportation of other Vietnamese people in the last six months supports a significant likelihood of removal for petitioner to Vietnam.  (Doc. No. 11 at 3.) The magistrate judge rejected this argument for two reasons:  (1) respondent offered no basis for the assertion that Vietnam would issue petitioner travel documents; and (2) even if the court considered the deportation of non-parties to find that Vietnam is now accepting repatriation of certain citizens, that fact does not support the conclusion that petitioner in particular will be accepted by Vietnam.  (Doc. No. 10 at 9–10.)  Respondent has provided no basis upon which to reject this finding and accordingly the court rejects respondent's argument in this regard.

Finally, respondent argues that the petition shouldn't be granted because petitioner "is a criminal who has been ordered removed[.]"  (Doc. No. 11 at 3.)  This is not a legal argument. Though criminal convictions may suffice to show a material change in circumstances justifying detention, *see, e.g., Bermudez Paiz v. Decker*, No. 18-cv-04759-GHW-BCM, 2018 WL 6928794, at *16 (S.D.N.Y. Dec. 27, 2018), respondent already raised and the court has already rejected that argument above.  Instead, respondent argues at this point without any citation to evidence, statutory authority, or caselaw that petitioner's status as someone who has been convicted of a crime over a decade earlier is a sufficient basis upon which to deny the pending petition.[2]  The court rejects respondent's argument.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above.

1.       The findings and recommendations filed on February 2, 2026 (Doc. No. 10) are

ADOPTED IN FULL;

---

[2]  This is the second occasion on which respondent's counsel has argued to the court that respondent need not comply with due process or federal regulations solely on the basis of someone's status without any further analysis.  *See Morales v. Noem*, No. 1:26-cv-00583-DAD-CKD, 2026 WL 221780, at *1 (E.D. Cal. Jan. 28, 2026) (discussing respondent's counsel's baseless argument that due process requirements were lessened because the petitioner suffered from a disability).  Such arguments are entirely frivolous.

4

2.   The petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.   Respondent is OREDERED to immediately release petitioner from her custody on the same conditions he was subject to prior to his October 1, 2025 re-detention;

   b.   Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge; and

3.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **February 13, 2026**                  _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE